| ARMSTRONG, Judge.
The defendant, Michelle Mew, was charged by bill of information with armed robbery. At his arraignment he pled not guilty. After a hearing on motions, the trial court granted the defendant’s motion to quash the bill of information, to which ruling the state has filed this appeal.
The record reflects that on November 22, 1994, the defendant was charged in Volusia County, Florida with “grand theft of the third degree,” specifically, that at or near Daytona Beach, Florida, on November 9, 1994, Michelle Mew unlawfully obtained or used the property of another, to wit: a Pontiac automobile belonging to Mossy Motors Oldsmobile with the intent to deprive the business of it rights in the property. The defendant pled guilty as charged.
The defendant was subsequently charged in Orleans Parish with the November 2, 1994 armed robbery of a 1995 Grand Prix from William Strain. The defendant filed a motion to quash based on double jeopardy grounds. It was alleged in the motion that, “the defendant has already pled guilty to theft in Florida of the same vehicle allegedly taken in the armed robbery charged in this case.” |2Finding that the same vehicle was involved, the trial court granted the motion to quash.
In its brief, the state correctly asserts that the trial court erred in granting the defendant’s motion to quash the bill of information. Under La.C.Cr.P. art. 597, double jeopardy does not apply to a prosecution under a law enacted in this state if the prior jeopardy was in a prosecution under the laws of another state. The defendant concedes that there is no legal authority to support an opposition to the state’s argument.
Accordingly, the trial court’s judgment granting defendant’s motion to quash is reversed, and this matter is remanded to the trial court for further proceedings.
REVERSED.